

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

May 12, 2008

BY HAND

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *United States v. Allen Julier*, 07 Cr. 1182 (KMK)

Dear Judge Karas:

    In accordance with Your Honor's instructions at the sentencing hearing in the above-referenced case on May 2, 2008, the Government respectfully submits this redacted version of its letter dated April 24, 2008. The redactions were made in conformity with the suggestions of defense counsel.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Anna M. Skotko
Assistant United States Attorney
(914) 993-1939

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

cc: Victor Grossman, Esq. (By Fax)

These redactions are acceptable to the Court. The Clerk is therefore respectfully requested to docket this letter.

So Ordered.

5/12/08



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

April 24, 2008

**REDACTED**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:  *United States v. Allen Julier*, 07 Cr. 1182 (KMK)

Dear Judge Karas:

  The Government respectfully submits this letter in response to the defense's sentencing memorandum dated April 16, 2008, in connection with the defendant's sentencing scheduled for May 2, 2008. As set forth below, the Government submits that a sentence within the Guidelines range of 51-63 months is appropriate here.

**I.  Applicable Law**

  In *United States v. Booker*, 534 U.S. 220 (2005), the Supreme Court held that the system of enhancements established by the Sentencing Guidelines violated the Sixth Amendment. To solve this problem, the Supreme Court excised the provisions of the Sentencing Reform Act that had made the Guidelines mandatory, rendering the Guidelines advisory. *United States v. Booker*, 534 U.S. at 244. In *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005), the Second Circuit explained that in light of *Booker*, sentencing judges now must: (a) consider the Guidelines and all of the other factors listed in 18 U.S.C. § 3553(a); (b) determine the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consider the applicable policy statements; and (c) decide, after considering the Guidelines and all the other factors set forth in Section 3553(a) whether to impose a sentence within the Guidelines range or within permissible departure authority, or a non-Guidelines sentence. Sentencing judges are entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

  When sentencing defendants, Section 3553(a) provides that the sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and then sets forth seven specific considerations that district courts must take into account at sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines]; (5) any pertinent policy statement [issued by the Sentencing Commission]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

As the Second Circuit has instructed, District Court judges must consider the Guidelines "faithfully" when sentencing. *Crosby*, 397 F.3d at 114. "*Booker* did not signal a return to wholly discretionary sentencing." *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006) (citing *Crosby*, 397 F.3d at 113). Indeed, the Guidelines range for a particular defendant is "a benchmark or a point of reference or departure" when considering a particular sentence to impose. *United States v. Rubenstein*, 403 F.3d 93, 98-99 (2d Cir.), *cert. denied*, 126 S. Ct. 388 (2005). Moreover, the Guidelines "'cannot be called just 'another factor' in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges.'" *United States v. Rattoballi,* 452 F.3d at 133 (quoting *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (*en banc*)). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *cert. denied*, 127 S. Ct. 192 (2006); *see also United States v. Rita*, 127 S. Ct. 2456 (2007) (holding that a federal appellate court may apply a presumption of reasonableness to a sentence that is within a properly calculated Sentencing Guidelines range).

## II.   Background

On February 1, 2008, the defendant pleaded guilty to possessing, on his computer, at least 100 image files and 10 video files containing images of child pornography, as that term is defined under 18 U.S.C. § 3156. Pursuant to a plea agreement dated December 3, 2007, the Government and the defendant have agreed that the applicable Sentencing Guidelines range is 51-63 months, based on an offense level of 24 and a criminal history category I (the "Stipulated Guidelines Range"). The parties also "agree[d] that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a)."

The Stipulated Guidelines Range was calculated as follows: Using the November 1, 2007 edition of the Guidelines Manual, Sentencing Guideline § 2G2.2 is applicable to Count One. Pursuant to U.S.S.G. § 2G2.2(a)(1), the base offense level is 18. Because the offense involved images of prepubescent minors, the base offense level is increased by two levels, pursuant to U.S.S.G. § 2G2.2(b)(2). Because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the

material, two levels are added pursuant to U.S.S.G. § 2G2.2(b)(6). Because the offense involved 600 or more images, five points are added pursuant to U.S.S.G. § 2G2.2(b)(7)(D). Because the defendant demonstrated acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(a), and an additional 1-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with these calculations, the defendant's Guidelines offense level is 24, and based upon the information now available to this Office (including representations by the defense), the defendant's criminal history category is I. The resulting Guidelines range is 51-63 months' imprisonment. Probation has reached the same determination. *See* PSR ¶ 79.

### III.   Discussion

The defense acknowledges that the Plea Agreement sets forth the correct advisory offense level computations and Guidelines range of 51-63 months. (Def. Mem. at 21). Nevertheless, the defense asks the Court to impose a sentence below the Guidelines range – specifically a term of probation with special conditions – based on (1) the nature and circumstances of the offense of possession of child pornography (Def. Mem. at 13); (2) the defendant's personal history and characteristics, including his employment and family obligations (Def. Mem. at 4); (3) alternative sentencing options that the defense claims would satisfy the need for just punishment and deterrence (Def. Mem. at 15); (4) alleged impermissible double counting for the use of a computer (Def. Mem. at 21); (5) the Guidelines' treatment of offenders who possess child pornography as distinguished from offenders involved in distribution and trafficking (Def. Mem. at 24, 26); and (6) potential sentencing disparities between comparable state and federal convictions and Guidelines policy statements (Def. Mem. at 25). In the alternative, the defense asks the Court to grant a downward departure based on the defendant's "mental and emotional condition, the aberrational nature of his conduct, employment record, and his lengthy law-abiding life." (Def. Mem. at 27).

These requests should be denied. The Government respectfully submits that a downward departure is not warranted here, and a term of imprisonment within the Guidelines range of 51-63 months would constitute a sentence that is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

#### A.   Section 3553(a) Factors Support a Guidelines Sentence

1.   *The Nature and Circumstances of the Offense Support a Guidelines Sentence*

The defense's submission underestimates the harm that the purchase and

3

possession of child pornography causes to real victims and ignores meaningful evidence of the defendant's lack of self control and poor judgment. The defense's proposed sentence is insufficient under Section 3553(a) because it fails to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate individual and general deterrence to criminal conduct, and to protect the public.

The defendant has been convicted of a serious crime, involving a uniquely vulnerable group of victims. The defendant did not just view photographs of child pornography on the Internet, but paid membership fees to subscription-based child pornography sites with a credit card. After paying his subscription fees, the defendant affirmatively downloaded over 500 images and videos containing child pornography onto his personal computer. As described in the PSR, the images and videos included depictions of prepubescent female children exposing their genitalia in a lascivious manner and engaging in simulated and actual sexual acts. *See* PSR ¶ 11. The defendant's claim that his conduct merely involved "images, not real people," (Def. Mem. at 8), fails to appreciate the nature and consequences of his offense. Child pornography is a permanent record of the sexual abuse of a real child victim, and each time an Internet user downloads child pornography, he is perpetuating the victimization of the minor appearing in the pornography. Indeed, Congress made a specific finding, in connection with the recent passage of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006), that "[e]very instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse." *Id.* at § 501(2)(D).

Furthermore, although the defendant pled guilty to possession of child pornography rather than distribution, his paid memberships to child pornography web sites perpetuated the victimization of children by supporting a marketplace for child pornography. Congress has recognized the danger inherent in crimes relating to child pornography. As the Third Circuit has pointed out, in connection with Congressional findings on Section 2251, which that court considered to be closely related in purpose to Section 2252A: "Congress found little distinction in the harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere 'existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children.'" *United States v. Reiner*, 468 F. Supp. 2d 393, 397 (E.D.N.Y. 2006), quoting *United States v. MacEwan*, 445 F.3d 237, 250 (3rd Cir. 2006) (quoting, in turn, Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. 3009, 3027).

The Court should also reject any non-Guidelines sentence based on the contention that the defendant may be susceptible to abuse in prison because of the nature of his offense. (Def. Mem. 12). "It seems illogical . . . that the crime on which the Sentencing Commission based the recommended range may be a factor in justifying a departure from that range." *United States v. Wilke*, 156 F.3d 749, 754 (7th Cir. 1998). The defendant's mere membership in a class of offenders that may be targeted by other inmates cannot make his case extraordinary. Otherwise, every child pornographer would be eligible for a sentence below the Guidelines

4

range, thwarting any relevance of Guidelines sentences for that sort of crime.[1]

    2.    *The History and Characteristics of the Defendant Support a Guidelines Sentence*

The defendant is a highly-educated, experienced high school teacher, as described in the defense's submission. (Def. Mem. at 4). It is hard to imagine that someone in his position did not appreciate the seriousness of his conduct and how it would contribute to the proliferation of child pornography and the continued victimization of innocent children. It is particularly disturbing that while viewing child pornography depicting adolescent girls, the defendant chose to work in an environment where he was surrounded by adolescent girls every day. Rather than isolate himself from children, this defendant actively sought and maintained employment where he would regularly be in close proximity and contact with -- and in a position of authority over -- a vulnerable population of high school students.

According to the defense's own submission, 

---

[1] In addition, potential abuse in prison is not a ground for departure identified in the Commission's policy statement for offenses involving child pornography, *see* U.S.S.G. § 5K2.0 (discussed in Part B, below), and susceptibility to abuse in prison has been found to justify departure only in extraordinary circumstances, based on a confluence of unique factors that remove the defendant from the "heartland" of similar cases. *See United States v. Kapitzke*, 130 F.3d 820, 822-23 (8th Cir. 1997); *United States v. Belt*, 89 F.3d 710, 714 (10th Cir.1996); *see also Koon v. United States*, 518 U.S. 81, 112 (district court could depart based on susceptibility to abuse in prison given "extraordinary notoriety and national media coverage of this case, coupled with the defendants' status as police officers"); *United States v. Lara*, 905 F.3d 599 (2d Cir. 1990) (departure based on "extreme" and "peculiar" vulnerability to victimization due to the defendant's appearance, demeanor, and sexual orientation was not an abuse of discretion); *United States v. Parish*, 308 F.3d 1025 (9th Cir. 2002) (upholding a departure where finding of potential for abuse was based on a combination of multiple factors, including demeanor, naivete, stature, and the nature of the offense, and not "mere membership in a class of offenders").

[2] This conduct also suggests that the defendant's interest in child pornography was not clearly in "stark contrast" to a life of adherence to otherwise high values and morals. (Def. Mem. at 7, 13).

5

and further highlights the inadequacy of the defense's proposed sentence of probation and treatment, which necessarily rely, at least in part, on the defendant's self-monitoring and self-compliance. Considering the defendant's admitted ability to keep "this corner of his life" hidden from his closest friends and colleagues (Def. Mem. at 8), there is also no reason to believe that "community based supervision" would be effective.

3. *The Enhancement for Use of a Computer is Not Impermissible Double Counting*

Notwithstanding the defendant's recognition that the Plea Agreement sets forth the correct Guidelines range (Def. Mem. at 21), the defense argues that the addition of two offense levels under the Guidelines for the defendant's use of a computer in connection with the offense constitutes impermissible double counting. (Def. Mem. at 21). This argument is meritless. "'Impermissible double counting of an enhancement occurs if a guideline provision is used to increase punishment on account of a kind of harm already fully accounted for . . . .'" *United States v. Johnson*, 221 F.3d 83 (2d Cir. 2000), quoting *United States v. Calozza,* 125 F.3d 687, 691 (9th Cir.1997). Contrary to the defense's assertion, 18 U.S.C. § 2252A(a)(5)(B) does not require the use of a computer as the mechanism for possession. (Def. Mem. 23). One can possess child pornography that has been shipped in interstate commerce without using a computer "much like one can commit a robbery without the use of a gun. The use of a computer has been determined to be an aggravating factor, akin to the use of a firearm in connection with a robbery." *United States. v. Johnson*, 1999 WL 395381, at * 11 n. 5 (N.D.N.Y June 4, 1999), *aff'd* 221 F.3d 83 (2d Cir. 2000).

The Guidelines justifiably provide for an enhancement for this specific offense characteristic because computers present particular harms with respect to child pornography: "Distributing child pornography through computers is particularly harmful because it can reach an almost limitless audience. Because of its wide dissemination and instantaneous transmission, computer-assisted trafficking is also more difficult for law enforcement officials to investigate and prosecute." H.R. Rep. No. 104-90, at 3-4 (1995), reprinted in 1995 U.S.C.C.A.N. 759, 760-61. The Second Circuit rejected the contention that the application of an enhancement for the use of a computer to aid in the possession of child pornography, pursuant to U.S.S.G. § 2G2.2(b)(5), amounts to impermissible double counting in *United States v. Santiago*, 204 Fed.

---

[3] The defendant was referred by the Department of Pretrial Services for evaluation by the New York Center for Neuropsychology and Forensic Behavioral Science. (Def. Ex. C at 1).

6

Appx. 50 (2d Cir. Oct. 31, 2006) (Exhibit A).[4] In *Santiago*, the Court acknowledged that "Congress clearly viewed the distribution of child pornography as a serious harm but viewed such pornography's dissemination via computer as a distinct, more serious harm because computers permit, inter alia, the 'wide dissemination and instantaneous transmission of pornographic materials.'" 204 Fed. Appx. at 53 (quoting *United States v. Dermerritt*, 196 F.3d 138, 142 (2d Cir. 1999)). Given these distinct harms, the Court concluded that the district court "appropriately appl[ied] multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission." *Id.* (citing *United States v. Maloney*, 406 F.3d 149, 152-53 (2d Cir. 2005)); *see also United States. v. Johnson*, 221 F.3d 83, 99 (2d Cir. 2000) (concluding that there was not impermissible double counting by the district court's application of the enhancement for the use of a computer, noting that "[t]he use of computers to traffic in child pornography heightens the difficulty of detection by law enforcement, has the potential of vastly expanding the market for such materials, and creates unique access to minors").

        4.      *The Stipulated Guidelines Range Properly Reflects the Nature of the Defendant's Offense*

Contrary to the assertions in the defense's submission, the defendant has not been "lumped" together with other offenders who commit violations involving the distribution and trafficking of child pornography. (Def. Mem. at 26). If the defendant had been convicted of the receipt and distribution of child pornography, as opposed to the possession of child pornography, he would have been subject to a five year mandatory minimum term of imprisonment and a higher Guidelines range. *See* 18 U.S.C. § 2252A(b)(1), U.S.S.G. § 2G2.2(a). In addition, certain offense level enhancements for distribution would be applicable pursuant to U.S.S.G. § 2G2.2(b)(3). Likewise, the fact that "[n]one of the images depicted violence, sadism, masochism, penetration or painful acts," has already been taken into account in the defendant's Guidelines calculations. Pursuant to section 2G2.2(b)(4), a four level enhancement is applied when the offense involves material that portrays sadistic or masochistic conduct or other depictions of violence, including images depicting any sexual act that would have to be painful, such as vaginal or anal penetration of minors. *See United States v. Delmarle*, 99 F.3d 80 (2d Cir. 1996). No such enhancement for the possession of violent images was applied here, and, accordingly, the Stipulated Guidelines Range properly reflects the nature of the offense.

        5.      *Any Sentencing Disparities Between State and Federal Convictions Do Not Justify a Non-Guidelines Sentence*

Finally, the defense's contention that the disparities between the federal and state penalties for his offense of conviction justify a non-Guidelines sentence should be rejected. Section 3553(a)(6) provides that, when sentencing a federal defendant, a court "shall consider . . .

---

    [4] Section 2G2.2(b)(6) of the Guidelines in effect November 1, 2007, applicable here, is identical to section 2G2.2(b)(5) the November 1, 2004 Guidelines used in *Santiago*.

7

the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Addressing this issue in *United States v. Johnson*, 505 F.3d 120, 123-24 (2d Cir. 2007), the Second Circuit concluded that the district court was not required to take into account that the defendant's sentence would have been shorter if he had been prosecuted in New York Court for same offense. The Court noted that "the primary purpose of [§ 3553(a)(6)] was to reduce unwarranted sentence disparities nationwide," and "requiring district courts to reduce a defendant's sentence whenever he might have been subjected to different penalties had he been prosecuted in state court would make federal sentences dependent on the law of the state in which the sentencing court was located, resulting in federal sentencing that would vary from state to state." *United States v. Johnson*, 505 F.3d at 124 (internal quotation marks and citations omitted); *cf. United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006) (holding that a district court is "neither required *nor permitted* under § 3553(a)(6) to consider a potential federal/state sentencing disparity").

### B.    A Downward Departure is Not Warranted

The defense's arguments for a downward departure from the Guidelines range based on the defendant's "mental and emotional condition, the aberrational nature of his conduct, employment record, and his lengthy law-abiding life" (Def. Mem. at 27), do not comport with the Sentencing Commission's policy statement regarding the availability of downward departures for child pornography offenses, and should be denied. While not binding, the policy statement explicitly articulates that "[t]he standard for a downward departure in child crimes and sexual offenses differs from the standard for other departures . . . in that it includes a requirement, set forth in 18 U.S.C. § 3553(b)(2)(A)(ii)(I) and subsection (b)(1) of [U.S.S.G. § 5K2.0], that any mitigating circumstance that forms the basis for such a downward departure be affirmatively and specifically identified as a ground for downward departure in [Chapter Five, Part K of the Sentencing Guidelines]." U.S.S.G. § 5K2.0 Application Note 4(B)(i). In addition, the mitigating circumstance must be of a kind or to a degree that has "not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. § 5K2.0(b)(2) and Application Note 4(B)(ii).

The Commission's policy statement explicitly excludes defendants convicted of an offense involving child pornography from consideration for downward departures based on aberrant behavior, *see* U.S.S.G. § 5K2.20, and diminished capacity, *see* U.S.S.G. § 5K2.13. The case law upon which the defense relies in support of a departure on these grounds, such as *United States v. Silleg*, 311 F.3d 557 (2d Cir. 2002), predates the 2003 Amendments to the policy statement that address Chapter 110 offenses. *See* The Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, §§ 401(b)(3) and (b)(5), 117 Stat. 650 (2003). These amendments also show Congress's relatively recent consideration of the appropriate sentence for child pornography offenders and its rejection of downward departures from Guidelines sentences except in a very narrow range of circumstances.

Mental and emotional conditions are not specifically identified by the Commission as grounds for a downward departure in U.S.S.G. § 5K2.0, and, even in cases not involving child crimes and sexual offenses, "are not ordinarily relevant in determining whether a departure is warranted," pursuant to U.S.S.G. § 5H1.3. Similarly, the defendant's employment record, age, and education are "not ordinarily relevant in determining whether a departure is warranted," U.S.S.G. §§ 5H1.1, 5H1.2, 5H1.5, and are not among the grounds the Commission identified as appropriate departure considerations for child pornography offenses. *See* U.S.S.G. § 5K2.0(b)(1). None of these circumstances is of a kind or present to a degree that has "not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. § 5K2.0(b)(2) and Application Note 4(B)(ii). Accordingly, a downward departure from the Stipulated Guidelines Range is not warranted here.

**IV.    Conclusion**

The defendant paid for subscriptions to child pornography sites and downloaded over 500 images and videos containing child pornography. In addition to providing a just punishment for the defendant, a sentence within the Stipulated Guidelines Range will send a strong message of deterrence to others who perpetuate the victimization of children by purchasing child pornography.

For the foregoing reasons, the Government respectfully submits that a term of imprisonment within the Guidelines range of 51-63 months would constitute a sentence that is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Anna M. Skotko
Assistant United States Attorney
(914) 993-1939

cc: Victor Grossman, Esq. (By Fax)

9

Westlaw.

204 Fed.Appx. 50                                                                                                Page 1
204 Fed.Appx. 50, 2006 WL 3147353 (C.A.2 (N.Y.))
**(Cite as: 204 Fed.Appx. 50, 2006 WL 3147353)**

**H**
U.S. v. Santiago
C.A.2 (N.Y.),2006.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Summary orders prior to January 1, 2007 are subject to additional limitations. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Second Circuit Rule U.S.Ct. of App. 2nd Cir. s 0.23, 28 U.S.C.A. (Find CTA2 Rule 0.23)
United States Court of Appeals,Second Circuit.
UNITED STATES of America, Appellee,
v.
William SANTIAGO, Defendant-Appellant.
No. 05-5582-CR.

Oct. 31, 2006.

**Background:** Defendant was convicted, on plea of guilty before the United States District Court of the Southern District of New York, Hellerstein, J., of two counts of receiving and distributing materials that contained child pornography and one count of possessing materials that contained child pornography, and was sentenced to 78 months' imprisonment. Defendant appealed. The Court of Appeals remanded for resentencing. On remand, the district court imposed sentence of 63 months' imprisonment, and defendant appealed.

**Holdings:** The Court of Appeals held that:
(1) defendant was not entitled to jury trial on facts forming basis for enhancement of his sentence;
(2) evidence was sufficient to support sentence enhancement for anticipation of receipt of thing of value; and
(3) application of enhancement for computer use did not amount to impermissible double counting.

Affirmed.

West Headnotes

**[1] Jury 230 ⇐34(7)**

230 Jury
    230II Right to Trial by Jury
        230k30 Denial or Infringement of Right
            230k34 Restriction or Invasion of Functions of Jury
                230k34(5) Sentencing Matters
                    230k34(7) k. Particular Cases in General. Most Cited Cases

**Sentencing and Punishment 350H ⇐322**

350H Sentencing and Punishment
    350HII Sentencing Proceedings in General

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

204 Fed.Appx. 50　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
204 Fed.Appx. 50, 2006 WL 3147353 (C.A.2 (N.Y.))
**(Cite as: 204 Fed.Appx. 50, 2006 WL 3147353)**

350HII(F) Evidence
　　　350Hk322 k. Degree of Proof. Most Cited Cases
Defendant who pled guilty to two counts of receiving and distributing materials that contained child pornography and one count of possessing materials that contained child pornography was not entitled to jury trial on, or to proof beyond reasonable doubt of, facts forming basis for enhancement of his sentence, where defendant's sentence did not exceed maximum provided by statute. U.S.C.A. Const.Amends. 5, 6; 18 U.S.C.A. § 2252A(b).

**[2] Sentencing and Punishment 350H ⇐698**

350H Sentencing and Punishment
　　350HIV Sentencing Guidelines
　　　350HIV(B) Offense Levels
　　　　350HIV(B)2 Factors Peculiar to Particular Offenses
　　　　　350Hk698 k. Obscenity and Lewdness. Most Cited Cases
Evidence was sufficient to support enhancement of defendant's sentence for receiving and distributing materials that contained child pornography, based upon his anticipation of receipt of thing of value or reasonable belief in possibility of receipt of thing of value, where defendant entered internet chat room "[l]ooking to trade videos" and transmitted images of child pornography based on that premise, and search of his computer's hard-drive revealed thousands of still and video images depicting child pornography, together with what appeared to be chart on which defendant had columns listing images "I sent them" and images "[t]hey sent me." U.S.S.G., § 2G2.2(b)(2)(B), 18 U.S.C.A.

**[3] Sentencing and Punishment 350H ⇐870**

350H Sentencing and Punishment
　　350HIV Sentencing Guidelines
　　　350HIV(F) Departures
　　　　350HIV(F)3 Downward Departures
　　　　　350Hk870 k. Other Particular Grounds. Most Cited Cases
Defendant who pled guilty to two counts of receiving and distributing materials that contained child pornography and one count of possessing materials that contained child pornography was not entitled to reduction of his 63-month sentence to conform with those of defendants in other, unrelated cases, where sentencing guidelines took into account individual circumstances of each case in order to minimize sentence disparities.

**[4] Sentencing and Punishment 350H ⇐905**

350H Sentencing and Punishment
　　350HIV Sentencing Guidelines
　　　350HIV(G) Dual or Duplicative Use
　　　　350Hk903 Particular Cases and Problems
　　　　　350Hk905 k. Base Offense Level. Most Cited Cases
Application to defendant's guilty-plea conviction of receiving and distributing materials that contained child pornography of sentence enhancement for using computer to aid in distribution and possession of child pornography did not amount to impermissible double counting, where distribution of child pornography and dissemination of child pornography by computer were distinct harms. U.S.S.G. § 2G2.2(b)(5), 18 U.S.C.A.

*51 UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the judgment of the United States District Court of the Southern District of New York (Hellerstein, J.) is AFFIRMED.
Alexander Willscher, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Harry Sandick, Assistant United States Attorney, on the brief), New York, NY, for Appellee.
Jonathan Svetkey, Watters & Svetkey, LLP (William Santiago, pro se), New York, NY, for Appellant.

Present: AMALYA L. KEARSE, SONIA SOTOMAYOR and BARRINGTON D. PARKER, Circuit Judges.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

204 Fed.Appx. 50  
204 Fed.Appx. 50, 2006 WL 3147353 (C.A.2 (N.Y.))  
**(Cite as: 204 Fed.Appx. 50, 2006 WL 3147353)**

Page 3

### SUMMARY ORDER

**\*1** Defendant-appellant William Santiago appeals from the amended judgment imposed on October 7, 2005, on remand from this court pursuant to *\*52United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), reducing from 78 to 63 months the term of imprisonment imposed in the original judgment of conviction entered on December 19, 2003, following guilty pleas on two counts of receiving and distributing materials that contained child pornography, 18 U.S.C. § 2252A(a)(2)(B), and on one count of possessing materials that contained child pornography, 18 U.S.C. § 2252A(a)(5)(B). We assume the parties' familiarity with the facts and procedural history of this case.

[1] There is no merit to Santiago's claim that the district court violated his rights as articulated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it applied enhancements to his Sentencing Guidelines calculation based on facts that Santiago had not pled to, or admitted, in court. It appears, however, that Santiago in his plea may have allocuted to many of the facts that form the basis for the sentencing enhancements applied to his sentence. Nevertheless, even were we to assume that the court had enhanced defendant's sentence due to unadmitted findings, FN1 our precedent makes clear that unless a defendant's sentence exceeds the maximum sentence prescribed by statute, there is no *Apprendi* violation. *Crosby,* 397 F.3d at 109-10 n. 6. It is clear that Santiago's sentence of 63 months is well under the statutory maximum penalty. *See* 18 U.S.C. § 2252A(b).FN2

> FN1. Santiago is also incorrect in contending that judicial factfinding by a preponderance of the evidence standard was error. *United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005) ( "Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*.").

> FN2. At the time of Santiago's offenses, a defendant who had not previously been convicted of any of the offenses listed in 18 U.S.C. § 2252A(b) was subject to maximum statutory penalties of 15 years for a violation of § 2252A(a)(2)(B) and 5 years for a violation of § 2252A(a)(5)(B). *See* 18 U.S.C. § 2252A(b)(1) and (2) (enumerating statutory penalties). In 2003, § 2252A(b) was amended to increase these statutory maxima to 20 yeas and 10 years, respectively. *See* Prosecutorial Remedies and Tools to end the Exploitation of Children Today Act of 2003, Pub.L. No. 108-21, § 103, 117 Stat. 650, 652-53 (2003).

[2] Santiago contends also that even if the district court could have enhanced his sentence by making factual findings to which he had not specifically pled, the court's application of a five-level enhancement under section 2G2.2(b)(2)(B) of the Sentencing Guidelines was erroneous.FN3 Reviewing *de novo* the district court's interpretation of section 2G2.2 here, *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005), we agree with the district court that the enhancement requires only that "a defendant distribute[ ] child pornography in anticipation of, or while reasonably believing in the possibility of, the receipt of a thing of value," and not "a specific agreement or understanding between the distributor and the recipient of child pornography." *United States v. Maneri,* 353 F.3d 165, 168-69 (2d Cir.2003). We find no clear error in the district court's conclusion that the enhancement applied to defendant's case, *Rubenstein,* 403 F.3d at 99, where Santiago entered a chat room "[l]ooking to trade videos" and then transmitted images of child pornography based on that premise, and where a search of his computer's hard-drive revealed thousands of still and video images depicting child pornography and what appeared to be a **\*53** chart on which Santiago had columns listing images "I sent them" and images "They sent me."

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

204 Fed.Appx. 50  
204 Fed.Appx. 50, 2006 WL 3147353 (C.A.2 (N.Y.))  
**(Cite as: 204 Fed.Appx. 50, 2006 WL 3147353)**

Page 4

FN3. Section 2G2.2(b)(2)(B) applies to an offense involving the "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." In the November 2004 Sentencing Guidelines, this provision was recodified as section 2G2.2(b)(3)(B).

**\*\*2** [3] Further, the district court did not err when it refused to reduce Santiago's sentence to conform to those in three child pornography cases cited by defendant. The district court correctly noted that the Sentencing Guidelines themselves were the best way to eliminate sentence disparities because they took the individual circumstances of each case into account.FN4

FN4. In *United States v. Selioutsky,* 409 F.3d 114 (2d Cir.2005), upon which defendant substantially relies for this argument, the Guidelines calculation was exactly the same as Santiago's-an adjusted offense level of 27 and a sentencing range of 70-87 months. *Id.* at 115. This reinforces the point of the Guidelines-that similar conduct results in similar sentencing calculations. That the district court in *Selioutsky* ultimately departed downward because of family circumstances and sentenced Selioutsky to 30 months' imprisonment, *id.* at 115-16, does not help Santiago because he did not have a similar family circumstances claim. Insofar as the other factual circumstances of both his and Selioutsky's crimes are the same, the Guideline calculations treated them the same.

[4] Finally, we reject Santiago's contention that the application of an enhancement for using a computer to aid in the distribution and possession of child pornography, pursuant to section 2G2.2(b)(5) of the Sentencing Guidelines, amounted to impermissible double counting. Here, Congress clearly viewed the distribution of child pornography as a serious harm but viewed such pornography's dissemination via computer as a distinct, more serious harm because computers permit, *inter alia,* the "wide dissemination and instantaneous transmission" of pornographic materials. *United States v. Demerritt,* 196 F.3d 138, 142 (2d Cir.1999) (quoting H.R. Rep. No 104-90, at 3-4 (1995), *reprinted in* 1995 U.S.C.C.A.N. 759, 760-61). Given these distinct harms, the district court here, when "calculating [Santiago's] Guidelines sentence," appropriately "appl[ied] multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission." *United States v. Maloney,* 406 F.3d 149, 152-53 (2d Cir.2005).

For the reasons discussed, the district court's amended judgment of conviction and sentence is AFFIRMED.

C.A.2 (N.Y.),2006.  
U.S. v. Santiago  
204 Fed.Appx. 50, 2006 WL 3147353 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.